ROBERTS (BANK OF UNITED STATES v.). See Case No. 934.

ROBERTS v. BLAKE. See Case No. 11,897.

ROBERTS (BOYER v.). See Case No. 1,754.

## Case No. 11,897.

ROBERTS v. BUCK.

[Holmes, 224; 6 Fish. Pat. Cas. 325; 3 O. G. 268.] [1]

Circuit Court, D. Massachusetts. March 11, 1873.

PATENTS—WANT OF NOVELTY—NOTICE IN ANSWER—EFFECT OF AMENDMENT—REFRIGERATORS.

1. In a suit in equity to restrain infringement of letters-patent, evidence to show want of novelty in the patented invention, which is not admissible for want of proper notice of such defence in the answer, is not made admissible by a subsequent amendment of the answer setting up the defence in due form.
   [Cited in Roemer v. Simon, Case No. 11,997; La Baw v. Hawkins, Id. 7,960. Distinguished in Allis v. Buckstaff, 13 Fed. 884.]

2. The patent originally granted D. W. C. Sanford Nov. 13, 1855, reissued April 21, 1869, for an improvement in refrigerators, held invalid for want of novelty in the invention described and claimed.

[Final hearing on pleadings and proofs. Suit brought [by George C. Roberts against Joseph Buck, Jr.] on letters patent [No. 13,-802] for "improvement in refrigerators," granted D. W. C. Sanford, November 13, 1855; reissued April 21, 1857 [No. 455], extended for seven years, and assigned to complainant. This is the same patent involved in the suit of Roberts v. Ryer [Case No. 11,913], and a full description of the patent

[1] [Reported by Jabez S. Holmes, Esq., and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from Holmes, 224, and the statement is from 6 Fish. Pat. Cas. 325.]

will be found in the statement of that case. The issues in both cases are substantially the same, except a question of practice arising in this case, which is fully set forth in the opinion of the court.] [2]

T. A. Jenckes and Morse, Stom & Greenough, for complainant.
Brown & Holmes, for defendant.

SHEPLEY, Circuit Judge. This is a bill in equity to recover profits and damages for alleged infringement of letters-patent granted to D. W. C. Sanford, Nov. 13, 1855, reissued April 21, 1857, and extended Oct. 21, 1869, for an improvement in refrigerators, the interest in the letters-patent being now owned by the complainant.

The principal question in the case is as to the novelty of Sanford's invention. A preliminary question arises, and must first be determined, on the motion to amend the answer. Evidence had been taken in the case, of the caveat of A. S. Lyman in 1852, of the grant of a patent to him in 1856, and as to the use of the Lyman patent before the date of the invention by Sanford. The answer was defective in not naming the caveat, or the grant of letters-patent to Lyman, or in stating, as required by the act of 1870, § 61 [16 Stat. 208], by whom the alleged invention of Lyman had been used. A motion was made to amend the answer to let in this evidence. The court ruled, correctly, that such amendment would not make that testimony admissible which was taken under objection before the answer was amended. When the evidence was taken which was inadmissible under the answer as it originally stood, the adverse party had a right to rely upon his objection, and elect not to cross-examine or offer rebutting proofs. Parties agree, however, in this case, if the court decides to grant the amendment, that the testimony taken before the allowance of the amendment may be considered as in the case to the same extent as if taken under the amended answer. Considering that the omission in the answer was evidently by inadvertence of the counsel in New York, and that the complainant is not taken by surprise, under all the circumstances of the case the amendment is allowed upon terms; but as it was offered at so late a stage of the proceedings in the cause, the defendant is not in any case to recover costs up to the time of the hearing of the case.

The claims in the Sanford patent have been fully and clearly construed by the court in the case of Roberts v. Harnden [Case No. 11,903]. Upon a careful examination of the evidence in this case, I am of opinion that the conclusion of Judge Blatchford in the case of Roberts v. Dodge [Id. 11,900], in the Second circuit and Southern district of New York, is correct, that the inventions of Sanford and the claims of his patent are fully

[2] [From 6 Fish. Pat. Cas. 325.]

anticipated on the point of novelty by the refrigerators constructed under Lyman's direction at the Novelty Works in New York, in 1854. These refrigerators, including also Exhibit Hadden No. 1, contain the combination of elements named 'u Sanford's first claim. There are some slight structural differences. The elements of the combination are somewhat modified in their form, but the combination of the same elements produces in substance all the results, and the same results, claimed by Sanford.

Bill dismissed, with costs.

[For other cases involving this patent, see Roberts v. Harnden, Case No. 11,903; Same v. Ryer, Id. 11,913, 91 U. S. 150; Same v. Buck, Case No. 11,897.]